*Barrett & Edwards, for appellant.*

*Underwood, for appellee.*

---

CROPPER, PATTON & CO. *v.* SHERMAN, HALL & POPE.

**Pleadings—Appeal and Error—Amendments Allowed.**

"Ordinary actions are unlike suits in equity; in the latter, the Court of Appeals almost universally settles the rights of the parties, on the pleadings and evidence in the case, and the court below has only to carry out the directions of the Appellate Court, but in ordinary Actions, a new trial only is awarded. Hence, amended pleadings if offered, in good faith and reasonable time so as not to indicate a spirit of vexatious delay, should be liberally indulged, so as to make the issues conform to the facts and evidence."

**New Trials Granted in Ordinary Actions—Evidence in Former Trial—Amended Pleadings.**

Where a new trial is awarded by the Court of Appeals in an ordinary action, the parties are not bound by the evidence on the former trial, but can introduce it over again with such alterations and additions as they see proper; hence amended pleadings should be liberally indulged in.

APPEAL FROM JEFFERSON CIRCUIT COURT.    COMMON PLEAS.

June 5, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This case was reversed when before this court on a previous occasion because there was no proof of a custom in the Board of Trade of Chicago to put up margin, else either party had the right to abandon a contract; and because as there was no such stipulation in the written memorial of the contract nor any averment that it was left out by mistake, oversight or fraud, therefore, parol proof of such stipulation was irrelevant; and particularly because while an interested witness had been permitted to testify for appellants. On the return of the cause appellants offered to amend their answer and in it averred that such stipulation was a part of the original parol contract which had never been abandoned, that when appellees presented the written memorial for appellants to sign, that it was then mentioned, as a stipulation, but appellees agreed that the margin should be considered as put up and that they would in fact put it up the next day, but which they did not do and though requested on several subsequent days still failed until the price of corn had declined, and then avers that the stipulation was left out by the fraud procurement of appellees, which amendment was erroneously rejected.

Appellants also filed an affidavit stating that they could prove these facts by a man who was then doing business for them in Chicago, but who was now a resident of Louisville but was an itenerant collector for a firm in New York and had been about ever since the return of the cause from this court and was still absent, and that they could not notify the parties so as to take his deposition because they could not ascertain where he would be on a given day; that they believed he would return before the next trial day and they could get his evidence &, but the court erroneously refused then a continuance.

Suits in ordinary are not like equity suits; in the latter this court almost universally settles the rights of the parties on the pleadings and evidence in the case and the court below has only to carry out the directions of this court, but in ordinary suits a

new trial only is awarded and the parties are not bound by the evidence on the former trial but can introduce it over again with such alterations and additions as they see proper; hence amended pleadings, if offered, in good faith and reasonable time so as not to indicate a spirit of vexatious delay, should be liberally indulged so as to make the issues conform to the facts and evidence and have a fair trial upon the real merits of the case.

We think it was erroneous to refuse the amended answer offered, also to refuse to continue the cause on the offered affidavit, and therefore the judgment is reversed with directions to allow the amended answer and for further proceedings.

*Renich & Lee, for appellants.*

*Bodley & Simrall, for appellee.*